UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William T. McConnell, | Civil No. 09-1273 (JRT/SRN) |
| Plaintiff, | REPORT & RECOMMENDATION |
| v. | |
| United States Government, Department of the Treasury, Internal Revenue Service, | |
| Defendants. | |

William T. McConnell, 2501 Lowry Ave. NE, #13 Oak Street, St. Anthony, Minnesota 55418, Pro Se

Grayson Hoffman, United States Department of Justice, Tax Division, 555 4th Street NW, Rm 8921, Washington, DC 20001, for Defendants.

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the Court upon the Government's Motion to Dismiss (Doc. No. 24) and Plaintiff's Motion to Suppress Mistaken Evidence (Doc. No. 39). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). (See Order of 12/16/09, Doc. No. 33.) For the reasons set forth herein, the Court recommends that the Government's Motion to Dismiss be granted and that Plaintiff's Motion to Suppress Mistaken Evidence be denied as moot.

**I.  BACKGROUND**

This case concerns a tax levy imposed upon Plaintiff William T. McConnell. Defendants

1

are the United States Government, the Department of the Treasury and the Internal Revenue Service. In his Complaint, Plaintiff seeks "immunity and relief of levy and refund of captured holding from employers, based on default of affidavits." (Complaint, Introductory Paragraph, Doc. 1.) Claiming that Defendants' actions have resulted in the deliberate and malicious interference of his property rights, causing him extreme hardship and suffering, Plaintiff seeks a release of the tax levy, a refund of $9,527.46 for tax liabilities associated with the 1998, 1999 and 2000 tax years and the award of "other relief" up to $1.5 million. (Id. ¶ 11.)

Defendants move to dismiss, arguing that pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Complaint fails to state a claim upon which relief can be granted, and pursuant to Fed. R. Civ. P. 12(b)(1), this Court lacks subject matter jurisdiction to entertain Plaintiff's action. Defendants argue that the Internal Revenue Code ("IRC") § 7421(a), the Anti-Injunction Act, precludes the relief sought by Mr. McConnell and that he fails to allege any of the five circumstances warranting release from a levy, as provided in IRC § 6343(a)(1)(A)-(E). (Defs.' Mem. Supp. Mot. Dismiss at 2-4.)

In addition, Defendants argue that pursuant to IRC § 7433(a), Mr. McConnell has failed to state a proper claim for damages, having failed to allege that the IRS or its agents acted recklessly, intentionally or negligently in assessing Plaintiff's tax liability. (Id.) Finally, Defendants argue that pursuant to IRC § 7422(a), this Court lacks jurisdiction over Plaintiff's claim for a refund, as he has failed to exhaust his administrative remedies by first paying his tax liability in full, and then filing an administrative claim for a refund. (Id.)

Mr. McConnell responds that there is no authority for the proposition that the filing of a 1040 Form is mandatory, nor does he believe that the Internal Revenue Code applies to members

of the public. (Pl.'s Resp. Mot. Dismiss at 1.) He instead claims that he is "not a person, legally liable for filing a 1040 Form and therefore did not do so." (Letter of 2/17/2000 from W. McConnell to IRS, Ex. to Complaint.) He also contends that he has not voluntarily agreed to be taxed. (Pl.'s Resp. Mot. Dismiss at 4.) Finally, Mr. McConnell maintains that he has rightfully rejected the receipt of certain documents and correspondence from the IRS, citing to the Uniform Commercial Code in support of his position, and indicating on some of his correspondence, the following: "I HEREBY REFUTE AND INVALIDATE THIS UNKNOWEN (sic) SIGNATURES (sic) PRESENTMENT, WITHOUT DISHONOR. I DO NOT OWE THIS MONEY. ALL RIGHTS RESERVED, WITHOUT PREJUDICE – U.C.C. 1-207." (Id. at 1, 4; Handwritten Notes from W. McConnell to IRS on IRS letter of 12/03/99 to W. McConnell, Ex. to Complaint.)

## II. DISCUSSION

### A. Defendants' Motion

#### 1. Dismissal for Failure to State a Claim

In considering a Rule 12(b)(6) motion to dismiss, "we must assume that all the facts alleged in the complaint are true" and generally construe the complaint in the light most favorable to the plaintiff. E.g., Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). "The complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal," DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002), and must contain enough facts to state a claim for relief "that is plausible on its face." Ashcroft v. Iqbal, __ U.S. __ (2009); 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although pro se complaints, "however

3

inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the pro se litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999) (quotations omitted), cited with approval in Palmer v. Clarke, 408 F.3d 423, 444 n.15 (8th Cir. 2005).

The Court may not consider materials outside the pleadings on a motion to dismiss. However, when considering a motion for judgment on the pleadings or a motion to dismiss under Rule 12(b)(6), a court may consider some materials that are part of the public record, Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999), cert. denied, 527 U.S. 1039 (1999), as well as materials that are "necessarily embraced by the pleadings." Piper Jaffray Cos. V. National Union Fire Ins. Co., 967 F.Supp. 1146, 1152 (D. Minn. 1997). See also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1357, at 199 (1990) (court may consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint'). Therefore, documents attached to the complaint may be reviewed on a motion to dismiss, since they are part of the pleading. See Fed. R. Civ. P. 10(c) (stating "a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.") Thus, the Court will consider Plaintiff's Complaint and the exhibits attached thereto in considering Defendants' motion to dismiss.

Under IRC § 7421(a), the Anti-Injunction Act, "no suit for the purpose of restraining the collection or assessment of any tax shall be maintained in any court by any person." Under certain exceptions, a court may maintain such a suit if a taxpayer can demonstrate that (1) the

Government cannot prevail, under any circumstances, on the merits of its tax claim; (2) no adequate remedy exists; and (3) irreparable injury will result if an injunction is not granted.  See 26 U.S.C. § 7422; see also Enoch v. Williams Packing & Navigation Co., 370 U.S. 1, 7-8 (1962); Bob Jones University v. Simon, 416 U.S. 725, 737 (1974); Holmes v. Morics, No. 4-94-CV-403, 1994 WL 759660 at *2 (D. Minn. Nov. 3, 1994).

The remedies sought by Plaintiff – a refund and release of levy – fall within the purview of the Anti-Injunction Act, because they seek to 'restrain the collection and assessment of tax.' Plaintiff, however, does not establish that any of the judicially-created exceptions to the Anti-Injunction Act apply.  Rather, the exhibits filed with the Complaint reflect Plaintiff's belief that he is not subject to federal income taxation, stating, for instance that he is "'not a citizen subject to the jurisdiction' upon whom Congress has the authority to impose a graduated income tax . . . because I was born in one of the union American states and not a territory over which the United States is sovereign."  (Letter of 2/17/2000 from W. McConnell to IRS, Ex. to Complaint.) While Plaintiff may believe that he is exempt from paying taxes, he has not alleged that the Government cannot prevail, under any circumstances, on the merits of its tax claim.  In addition, Plaintiff has not alleged that he has no adequate remedy.  The Internal Revenue Code provides taxpayers with means to challenge disputed liabilities, but apparently Plaintiff has not done so. Instead, he appears to have submitted several affidavits to the IRS in which he "refutes the validity of [the IRS's] presentment demand, without dishonor."  (See, e.g., McConnell Aff. of 4/17/00, Ex. to Complaint.)  Plaintiff further has not alleged that irreparable harm will result if the Court does not grant an injunction.

Section 6343(a)(1)(A)-(e) of the Internal Revenue Code provides that there are five

5

circumstances under which the IRS shall release levies:

>   (A)   The liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,
>   (B)   release of such levy will facilitate the collection of such liability,
>   (C)   the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,
>   (D)   the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or
>   (E)   the fair market value of the property exceeds such liability and release of the levy on a part of such property can be made without hindering the collection of such liability.

26 U.S.C. § 6343(a)(1)(A)-(E).

Plaintiff has not alleged that any of these five circumstances have occurred to warrant the release of the levy. Rather, Plaintiff appears to challenge the constitutionality of the federal income tax system, which, despite the sincerity of Mr. McConnell's beliefs, is not at issue here. While Plaintiff alleges undue hardship, no facts suggest that the Secretary has found that the levy is creating an economic hardship, which might fall under Section 6343(a)(1)(D), above. Having failed to establish an exception to the Anti-Injunction Act and failing to allege one of the enumerated circumstances warranting release from a levy, the Court recommends dismissal of Plaintiff's suit for failure to state a claim.

In addition, pursuant to 26 U.S.C. § 7433(a), a taxpayer may bring a damages suit against the United States for alleged actions by the IRS only if an IRS employee recklessly, negligently or intentionally disregards the Internal Revenue Code or a Treasury regulation. 26 U.S.C. § 7433(a). Where the taxpayer fails to makes such allegations, dismissal is proper. See Zinda v. Johnson, 463 F.Supp.2d 45, 51 (D. D.C. 2006) (even if pro se taxpayer had properly alleged exhaustion of remedies, her complaint failed to allege reckless, intentional or negligent conduct

by an officer or employee of the IRS); Koerner v. United States, 246 F.R.D. 45, 48-49 (D. D.C. 2007) (taxpayer's allegation that IRS commenced tax collection proceedings against her was insufficient, by itself, to state a claim for damages for unauthorized collection activities). Although Mr. McConnell seeks a refund of $9527.46 and up to $1.5 million in "other relief as the court deems appropriate"(Complaint ¶ 11), he has made no allegations of reckless, intentional or negligent actions on the part of Defendants, as required by law in order to maintain a claim for damages. The Court therefore recommends the dismissal of his claims.

### 2. Lack of Jurisdiction

Before a taxpayer can bring a federal income tax refund suit, the taxpayer must first pay the disputed year's assessed federal income tax liability in full, and then file an administrative refund claim with the IRS. Flora v. United States, 362 U.S. 145 (1960); 26 U.S.C. §§ 7422(a) and 6532(a)(1). Plaintiff does not allege that he paid the disputed tax liability, nor that he has filed a refund claim with the IRS. To the contrary, the exhibits to Plaintiff's Complaint show outstanding tax liabilities of at least $8,879.59 for 1990 (Reminder Notice of 4/10/01, Ex. to Complaint), $2,136.13 for 1998 (Notice of Levy on Wages, Salary & Other Income of 8/30/04, Ex. to Complaint) and $2,733.73 for 2003 (Notice of Levy on Wages, Salary & Other Income of 3/16/09).

Accordingly, because Plaintiff has not paid his tax liabilities and filed a claim for refund with the IRS, this Court does not have jurisdiction to entertain his claims. The Court recommends dismissal on this ground as well.

### B. Plaintiff's Motion to Suppress

Plaintiff moves to suppress "mistaken evidence," arguing that, to the extent that he may

7

have "inadvertently" signed a 1040 Form or other tax-related documents under some form of duress, those signatures should be rescinded. Because the Court recommends the dismissal of Plaintiff's claims, Plaintiff's Motion to Suppress should be denied as moot.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 24) be **GRANTED**; and

2. Plaintiff's Motion to Suppress Mistaken Evidence (Doc. No. 39**)** be **DENIED AS MOOT**.


Dated: April 19, 2010

                                         s/Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **May 4, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.