# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM T. MCCONNELL, | Civil No. 09-1273 (JRT/SRN) |
| Plaintiff, | |
| v. | |
| UNITED STATES GOVERNMENT, DEPARTMENT OF THE TREASURY, and INTERNAL REVENUE SERVICE, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

William T. McConnell, 2501 Lowry Avenue NE, #13 Oak Street, Saint Anthony, MN 55418, plaintiff *pro se*.

Mary E. Bielefeld, **UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION**, CTS, Central Region, P.O. Box 7238, Ben Franklin Station, Washington, DC 20044, for defendants.

Plaintiff William T. McConnell brought this action against the United States Government, the Department of the Treasury, and the Internal Revenue Service ("IRS") (collectively, "defendants"), seeking the release of a tax levy and a refund of federal income taxes that McConnell paid to the IRS. McConnell filed a "Request for Stay of Levy" pending the resolution of this litigation and a "Motion to Recover Losses Incurred." On December 17, 2009, United States Magistrate Judge Susan R. Nelson issued an order denying McConnell's motions. McConnell appeals that order through timely objections. Given the arguably dispositive nature of these motions, the Court construes the Magistrate Judge's order as a Report and Recommendation. After *de novo*

review of those portions of the Magistrate Judge's conclusions to which McConnell objects, *see* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2, the Court overrules the objections and denies the motions for the reasons set forth below.

## BACKGROUND

On June 1, 2009, McConnell brought this action seeking "Immunity and Relief of Levy and Refund of captured holding from employers, based on default of Affidavits." (Compl. at 1, Docket No. 1.) McConnell asks the Court to order the IRS to release a tax levy imposed on McConnell's property, and to award McConnell a federal income tax refund of $9,527.46 for tax liabilities from the 1998, 1999, and 2000 tax years and up to $1.5 million in "other relief." (*Id.* at 3.) Exhibits attached to the complaint indicate that McConnell disputes his tax liability because he is "not a citizen subject to the jurisdiction upon whom Congress has the authority to impose a graduated income tax . . . because [he] was born in one of the union American states and not a territory over which the United States is sovereign." (Letter from William McConnell to the IRS at 2 (Feb. 17, 2000), Compl. Ex., Docket No. 1 (internal quotation marks omitted); *see also id.* (stating that McConnell is "not a person, legally liable for filing a 1040 Form and therefore did not do so").) The exhibits also suggest that after the IRS notified McConnell of the imposition of the tax levy, he responded: "This instrument is REFUSED WITHOUT DISHONOR AND CANCELED based upon State statutes and the UNIFORM COMMERCIAL CODE which allow the cancellation and refusal of instruments [sic]

which are fraudulent in nature." (*See* Letter from the IRS to William McConnell (March 27, 2000) (handwritten notes), Compl. Ex., Docket No. 1.)

On June 4, 2009, McConnell filed a "Request for Stay of Levy," which requests that the Court order the IRS to release the tax levy while this litigation is pending.[1] (*See* Docket No. 3.) On July 20, 2009, McConnell filed a "Motion to Recover Losses Incurred," asserting that the IRS' failure to respond to his "affidavits and claims" and the imposition of "illegal levies" defamed him and caused him to lose "contacts," "income," and "prospects for the future." (Docket No. 8.) On November 25, 2009, while those motions were pending, defendants filed a motion to dismiss, raising the same arguments that they raise in opposing McConnell's request for stay of levy and motion to recover losses.[2] (*See* Docket Nos. 24, 26.)

On December 17, 2009, the Magistrate Judge issued an order denying McConnell's request for stay and motion to recover losses. (Order, Docket No. 34.) The Magistrate Judge determined that McConnell was not entitled to seek an order requiring the IRS to release the levy because McConnell did not demonstrate that he was entitled to bring this action against the IRS. (*See id.* at 3-4.) The Magistrate Judge further concluded that McConnell was not entitled to "recover losses," because McConnell did not establish that an IRS officer or employee negligently, recklessly, or knowingly

---

[1] On August 11, 2009, McConnell filed a second, identical request for stay of levy. (*See* Docket No. 15.) The Court's analysis regarding the initial request applies equally to the second, and the Court addresses the second request in the ordering section below.

[2] The Court addresses the Magistrate Judge's Report and Recommendation on defendants' motion to dismiss in a separate, forthcoming order.

disregarded the Internal Revenue Code ("I.R.C.") or Treasury Regulations, or that an IRS officer or employee knowingly or recklessly failed to release a tax lien on McConnell's property. (*Id.* at 5.)

McConnell filed timely objections, arguing that the Magistrate Judge should have filed a Report and Recommendation – not a final order – because the motions are dispositive. (*See* Docket Nos. 35, 37.) McConnell also argues that the Magistrate Judge prematurely issued the order before the parties had presented evidence. (Docket Nos. 35-37.)

## DISCUSSION

### I. THE MAGISTRATE JUDGE'S ORDER

McConnell argues that the Magistrate Judge improperly treated the motions as non-dispositive and therefore improperly issued an order denying the motions. McConnell contends that the Magistrate Judge should have issued a Report and Recommendation **recommending** that the Court deny the motions.

Here, the Court construes both motions as dispositive motions. *See generally* Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 3068, at 321-22; *id.* § 3068.2, at 333-34. The request to stay the tax levy is analogous to a motion for preliminary injunction, as McConnell seeks an order from the Court requiring the IRS not to enforce the levy prior to resolution of the litigation. (*See* Docket No. 3.) The Court thus views McConnell's request as dispositive. *See, e.g.*, 28 U.S.C. § 636(b)(1)(A) (authorizing a magistrate judge "to hear and

determine any pretrial matter pending before the court, except a motion for injunctive relief," among other dispositive motions); *Marsh v. Persons*, Civ. No. 09-cv-00487, 2010 WL 965516, at *1 (D. Colo. Mar. 15, 2010) ("[M]otions for preliminary injunction are generally treated as dispositive motions, and thus, the Court reviews the objected-to portions of the Magistrate Judge's Recommendation *de novo*." (internal quotation marks omitted)). Regarding the motion to recover losses, McConnell states that he "hereby claim[s] $1.5 million in fines and penalties to recover my losses, pay back my friends and repair all the damage that the IRS' bad behavior has done in my life." (Docket No. 8.) Given that language, the Court construes McConnell's motion to recover losses as a motion for summary judgment on the issue of damages.

Although the Magistrate Judge issued an order denying both motions, the Court considers the "order [to be] the functional equivalent of the report and recommendation required by 28 U.S.C. § 636(b)." *See United States v. Mueller*, 930 F.2d 10, 12 (8th Cir. 1991) (per curiam). The Court reviews *de novo* those portions of the Report and Recommendation to which McConnell objects. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2.

## II. MCCONNELL'S MOTIONS

McConnell argues that the Magistrate Judge erred because she issued the order "without all evidence present," (*see* Docket No. 36), and because the Court should "allow all discovery to be complete" before it rules on the motions, (*see* Docket No. 37). To the extent that the Court construes the motions as a request for preliminary injunctive relief

and a motion for summary judgment on the issue of damages, however, the Magistrate Judge did not err in ruling on the motions at this stage of the litigation. McConnell had an adequate opportunity to present evidence supporting his request for a stay and, as discussed further below, summary judgment on the issue of damages is not warranted because McConnell has not satisfied his burden of demonstrating that he is entitled to damages as a matter of law.

McConnell does not specifically challenge the substance of the Magistrate Judge's order. Regardless, after *de novo* review the Court concludes that the Magistrate Judge properly concluded that the Court should deny McConnell's request for stay of levy and motion to recover losses.

### A. Request for Stay of Levy

The anti-injunction provision of the Internal Revenue Code states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). In *Enochs v. Williams Packing & Navigation Co.*, the Supreme Court held that "[t]he object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." 370 U.S. 1, 5 (1962). A taxpayer may maintain such a suit, however, if he or she can demonstrate (1) that the Government cannot prevail on the merits of the tax claim; (2) that no adequate legal remedy exists; and (3) that irreparable injury will result if the Court does not grant the injunction. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 737 (1974); *Williams Packaging*, 370 U.S. at 7-

8; *see also Holmes v. Morics*, No. 4-94-CV-403, 1994 WL 759660, at *2 (D. Minn. Nov. 3, 1994).

McConnell has not established that the exception to § 7421(a) applies. McConnell's conclusory assertions in exhibits to the complaint that he is exempt from paying taxes does not establish that "the Government [cannot] prevail, under any circumstances, on the merits of its tax claim." *See Holmes*, 1994 WL 759660, at *2. Moreover, McConnell has also not shown that he lacks an adequate remedy at law to pursue his claims or that he will be irreparably injured if the Court does not grant the stay.

In addition, McConnell has not established that the IRS is required to release the tax levy. Under I.R.C. § 6343, the IRS must release a tax levy if

> (A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,
>
> (B) release of such levy will facilitate the collection of such liability,
>
> (C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,
>
> (D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or
>
> (E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

26 U.S.C. § 6343(a)(1).

McConnell has not alleged or adduced evidence that any of those five circumstances apply. Although McConnell claims that he is suffering "undue hardship,"

he has not put forth facts suggesting that the "levy is creating an economic hardship due to [McConnell's] financial condition." *See id.* § 6343(a)(1)(D). Accordingly, the Court denies McConnell's request for a stay of the levy.

B.  **Motion to Recover Losses Incurred**

McConnell's Motion to Recover Losses Incurred also lacks merit. 26 U.S.C. § 7433 permits a taxpayer to bring a damages suit against the United States for collection actions by the IRS only if an IRS officer or employee "recklessly or intentionally, or by reason of negligence disregards" an I.R.C. provision or a Treasury Regulation. 26 U.S.C. § 7433(a). A taxpayer may bring a civil action for damages against the United States for the IRS' failure to release a lien on the taxpayer's property only if an IRS officer or employee "knowingly[] or by reason of negligence, fails to release a lien." *Id.* § 7432(a). In addition to the reasons discussed above regarding the Request for Stay of Levy, McConnell's motion to recover losses is denied because McConnell has not alleged facts or adduced evidence that an IRS officer or employee acted in a manner described in §§ 7432(a) and 7433. *See* Fed. R. Civ. P. 56(c).

**ORDER**

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket Nos. 35-37], and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated December 17, 2009 [Docket No. 34]. Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Requests for Stay of Levy [Docket Nos. 3, 15] are **DENIED**.

2. Plaintiff's Motion to Recover Losses Incurred [Docket No. 8] is **DENIED**.

DATED: September 7, 2010             ____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                         United States District Judge