# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM T. MCCONNELL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT,<br>DEPARTMENT OF THE TREASURY,<br>and INTERNAL REVENUE SERVICE,<br><br>Defendants. | Civil No. 09-1273 (JRT/SRN)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

William T. McConnell, 2501 Lowry Avenue NE, #13 Oak Street, Saint Anthony, MN 55418, plaintiff *pro se*.

Mary E. Bielefeld, **UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION**, CTS, Central Region, P.O. Box 7238, Ben Franklin Station, Washington, DC 20044, for defendants.

Plaintiff William T. McConnell brought this action against the United States Government, the Department of the Treasury, and the Internal Revenue Service ("IRS") (collectively, "defendants"), seeking the release of a tax levy and a refund of federal income taxes that McConnell paid to the IRS. Defendants filed a motion to dismiss and McConnell filed a "Motion to Suppress Mistaken Evidence." On April 19, 2010, United States Magistrate Judge Susan R. Nelson issued a Report and Recommendation recommending that the Court grant defendants' motion, dismiss McConnell's complaint, and deny as moot the motion to suppress. McConnell filed timely objections. After *de novo* review of those portions of the Magistrate Judge's Report and Recommendation

to which McConnell objects, *see* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2, the Court overrules the objections and adopts the Report and Recommendation for the reasons set forth below.

**BACKGROUND**

On June 1, 2009, McConnell brought this action seeking "Immunity and Relief of Levy and Refund of captured holding from employers, based on default of Affidavits." (Compl. at 1, Docket No. 1.) McConnell asks the Court to order the IRS to release a tax levy imposed on McConnell's property, and to award McConnell a federal income tax refund of $9,527.46 for tax liabilities from the 1998, 1999, and 2000 tax years and up to $1.5 million in "other relief." (*Id.* at 3.) Exhibits attached to the complaint indicate that McConnell disputes his tax liability because he is "not a citizen subject to the jurisdiction upon whom Congress has the authority to impose a graduated income tax . . . because [he] was born in one of the union American states and not a territory over which the United States is sovereign." (Letter from William McConnell to the IRS at 2 (Feb. 17, 2000), Compl. Ex., Docket No. 1 (internal quotation marks omitted); *see also id.* (stating that McConnell is "not a person, legally liable for filing a 1040 Form and therefore did not do so").) The exhibits also suggest that after the IRS notified McConnell of the imposition of the tax levy, he responded: "This instrument is REFUSED WITHOUT DISHONOR AND CANCELED based upon State statutes and the UNIFORM COMMERCIAL CODE which allow the cancellation and refusal of instraments [sic]

which are fraudulent in nature." (*See* Letter from the IRS to William McConnell (March 27, 2000) (handwritten notes), Compl. Ex., Docket No. 1.)

On November 25, 2009, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Defendants contend that McConnell failed to state a claim on which relief may be granted because the anti-injunction provision of the Internal Revenue Code precludes McConnell from seeking the relief he claims, *see* 26 U.S.C. § 7421(a), and because McConnell has not alleged any circumstances that would require the IRS to release the tax levy, *see* 26 U.S.C. § 6343(a)(1)(A)-(E). Further, defendants contend that McConnell has not adequately pleaded a claim for damages because he did not allege that an IRS employee or officer acted intentionally, recklessly, or negligently in assessing McConnell's tax liability or failing to release the tax lien. *See* 26 U.S.C. § 7433(a). Finally, defendants contend that the Court does not have subject matter jurisdiction to hear McConnell's damages claims because he has not satisfied his tax obligations for the disputed tax years.

The Magistrate Judge recommended that the Court dismiss McConnell's action because McConnell has not pled a plausible claim for injunctive relief or damages, and because the Court does not have subject matter jurisdiction to hear McConnell's damages claims. (Report & Recommendation at 5-7, Docket No. 45.) The Magistrate Judge also recommended that the Court deny as moot McConnell's Motion to Suppress Mistaken Evidence. (*Id.* at 8.) McConnell filed timely objections to the Report and Recommendation. (*See* Docket Nos. 46-49.)

## DISCUSSION

**I. FAILURE TO STATE A CLAIM**

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the non-moving party. *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001) (per curiam). To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore, must be dismissed. *Id.* (internal quotation marks omitted).

At the motion to dismiss stage, the record for review before the Court is generally limited to the complaint and any documents attached as exhibits that are necessarily embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

Even liberally construing McConnell's *pro se* complaint, McConnell has not alleged sufficient facts to support his claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) ("Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." (citation omitted)). McConnell's claim for injunctive relief fails because he has not pleaded facts demonstrating that he is entitled to bring an action for injunctive relief against the United States. The anti-injunction provision states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). In *Enochs v. Williams Packing & Navigation Co.*, the Supreme Court held that "[t]he object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." 370 U.S. 1, 5 (1962). A taxpayer may maintain such a suit, however, if he or she can demonstrate (1) that the Government cannot prevail on the merits of the tax claim; (2) that no adequate legal remedy exists; and (3) that irreparable injury will result if the Court does not grant the injunction. *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 737 (1974); *Williams Packing*, 370 U.S. at 7-8; *see also Holmes v. Morics*, No. 4-94-CV-403, 1994 WL 759660, at *2 (D. Minn. Nov. 3, 1994).

Because McConnell seeks the refund of previously paid taxes and the release of the tax levy, McConnell's requested relief is subject to the limitations of the § 7421(a). McConnell, however, has not pleaded facts establishing that the exception to § 7421(a) applies. Although McConnell appears to argue that he is exempt from paying federal taxes, he has not pleaded facts indicating that the Government cannot prevail on its tax

claim under any circumstances. McConnell also has not alleged that he is without an adequate remedy at law; based on the exhibits to his complaint, it appears that McConnell has declined to pursue the remedies available under the Internal Revenue Code ("I.R.C."). Finally, McConnell has not alleged that he will be irreparably harmed if the Court does not award him injunctive relief.

McConnell has also failed to plead facts supporting an allegation that the IRS is required to release the tax levy. Under I.R.C. § 6343, the IRS must release a tax levy if

> (A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time,
>
> (B) release of such levy will facilitate the collection of such liability,
>
> (C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise,
>
> (D) the Secretary has determined that such levy is creating an economic hardship due to the financial condition of the taxpayer, or
>
> (E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

26 U.S.C. § 6343(a)(1). McConnell does not allege that any of those five circumstances apply. Although McConnell claims that he is suffering "undue hardship," he has not pleaded facts suggesting that the "levy is creating an economic hardship due to [McConnell's] financial condition." *See id.* § 6343(a)(1)(D). Accordingly, the Court dismisses McConnell's claim for injunctive relief.

McConnell's complaint also fails to allege a claim for damages. 26 U.S.C. § 7433 permits a taxpayer to bring a suit for damages against the United States for collection

actions by the IRS only if an IRS employee "recklessly or intentionally, or by reason of negligence disregards" an I.R.C. provision or a Treasury Regulation. 26 U.S.C. § 7433(a). A taxpayer may bring a civil action for damages against the United States for the IRS' failure to release a lien on the taxpayer's property only if an IRS officer or employee "knowingly[] or by reason of negligence, fails to release a lien." *Id.* § 7432(a). McConnell's complaint does not allege that an IRS employee or officer acted intentionally, recklessly, or negligently in disregarding the I.R.C. or Treasury Regulations, or by failing to release a lien. In his objections, McConnell contends that an IRS collections employee "acted willfully against my properly served affidavits . . . and did not follow proper legal procedures." (Objections at 3-4, Docket No. 46.) Even assuming that such an allegation would be sufficient to state a plausible claim for damages under §§ 7432(a) and 7433, McConnell first advances this allegation in his objections. At the motion to dismiss stage, the focus of the Court's analysis is on whether a plaintiff has adequately pleaded a claim in the **complaint**. Here, McConnell's complaint is devoid of allegations that would support his claim for damages.

McConnell also objects to the Report and Recommendation because the Magistrate Judge reached her conclusions before the parties had an opportunity to present evidence to the Court. (*See, e.g.*, Objections at 1, Docket No. 46; Objections at 1, Docket No. 48.) In evaluating a motion to dismiss, the Court does not consider the plausibility of a party's claims based on evidence; rather, the Court considers the plausibility of a party's claims as alleged in the complaint. *See Iqbal*, 129 S. Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." (internal quotation marks omitted)). The Magistrate Judge properly limited her analysis to the allegations on the face of the complaint and to outside materials that were "necessarily embraced by the pleadings." *See Porous Media Corp.*, 186 F.3d at 1079 (internal quotation marks omitted).

## II.    SUBJECT MATTER JURISDICTION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims. *Uland v. City of Winsted*, 570 F. Supp. 2d 1114, 1117 (D. Minn. 2008). A party invoking federal subject matter jurisdiction has the burden of proving that jurisdiction exists. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). In resolving a motion to dismiss under Rule 12(b)(1), the Court is not limited to a consideration of the face of the complaint, but may also consider evidence submitted by the parties. *Gilmore v. Nw. Airlines, Inc.*, 504 F. Supp. 2d 649, 653 (D. Minn. 2007).

The Court does not have subject matter jurisdiction to hear McConnell's tax refund claim. Prior to bringing a claim for a refund of federal income taxes paid, a taxpayer must pay the federal income tax for the disputed year, and then must file an administrative refund claim with the IRS. *See Flora v. United States*, 362 U.S. 145, 148-50, 154-55 (1960); *see also* 26 U.S.C. §§ 7422(a), 6532(a)(1). McConnell does not allege that he paid the disputed taxes in full and, in fact, the exhibits attached to his complaint indicate that McConnell has outstanding tax liabilities for the disputed tax

years.  (*See, e.g.*, Compl. Exs., Docket No. 1.)  Accordingly, the Court dismisses McConnell's federal income tax refund claim for lack of subject matter jurisdiction.

Because the Court dismisses McConnell's complaint for failure to state a claim and for lack of jurisdiction, the Court denies as moot McConnell's "Motion to Suppress Mistaken Evidence." (*See* Docket No. 39.)

### ORDER

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket Nos. 46-49], and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated December 17, 2009, [Docket No. 45]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 24] is **GRANTED**.  Plaintiff's complaint is **DISMISSED without prejudice**.

2. Plaintiff's Motion to Suppress Mistaken Evidence [Docket No. 39] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 7, 2010　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　United States District Judge